UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FILBERTO TORRES,

        Plaintiff,

v.

M. E. SPEARMAN; et al.,

        Defendants.

No. C 14-525 SI (pr)

**ORDER OF SERVICE**

## INTRODUCTION

Filberto Torres, an inmate at the Correctional Training Facility - Soledad, filed this *pro se* civil rights action under 42 U.S.C. § 1983. This case is now before the court for initial review of the pleadings pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

There has been a communication problem between the court and Torres that needs to be explained so that the reader can understand the state of the pleadings. This action was opened and assigned to a magistrate judge when Torres filed his complaint. Torres declined to proceed before a magistrate judge, and the action was reassigned to the undersigned. Before the court was able to review Torres' original complaint, he filed a motion to amend his complaint. The court granted the motion to amend, set a deadline of August 1, 2014 for Torres to file an amended complaint, and explained that the court would wait for the amended complaint before doing an initial review under § 1915A. *See* Docket # 13. In that same order, the court explained

that portions of Torres's complaint were difficult to read due to Torres's use of a typewriter with a ribbon that was either very worn or not adjusted properly, and instructed him to get a new ribbon, use a different typewriter, or handwrite the documents for future filings. *Id.* Torres mistook that instruction about future filings to mean that he needed to refile portions of his original complaint. *See* Docket # 15 at 53. He then filed another "motion to amend" with an attached complaint that had pages 1, 2, 3, and two pages marked as page 7 (that were very similar to but not identical to those pages in the original complaint), as well as many pages of additional exhibits. (Docket # 15.) That was unnecessary because the court had already resolved the legibility problem for the original complaint by having it electronically scanned a second time, as explained at Docket # 13 at 1 n.1. In view of the foregoing, the court treats the document at Docket # 15 to be an amendment to the complaint at Docket # 1 and does the initial review of the complaint as amended.

The complaint, as amended, alleges the following:

Torres has prostate cancer.

On June 28, 2010, Torres saw Dr. Nordensjo for treatment for his prostate cancer. The doctor refused to do anything to treat his prostate cancer. The doctor also expressed annoyance that Torres was a demanding and vocally dissatisfied patient.

In January 2011, Dr. Kuersten refused to provide medical treatment. Dr. Kuersten stated that he would make an appointment for Torres to see a urologist, but he never did. When Torres later asked why the appointment was not made, the doctor stated that Torres did not need it.

Dr. Trent also refused to provide medical treatment for Torres when he want to see Dr. Trent for the same treatment for the prostate cancer.

Dr. Chudy also refused to provide proper care when Torres went to see him with complaints of severe pain and bleeding. The doctor said the institution had no money and that Torres probably would have to take medication for the rest of his life. This may have occurred on September 7, 2011, although the complaint is somewhat confusing on the dates of various events. *See* Docket # 1 at 11.

Torres alleges that "[t]here have been a lot of medical promises made to the plaintiff on

what needs to be done, but nothing as of yet as been done. [¶] The plaintiff needs surgery to improve his condition, but has been told that the institution and State [have] no money." *Id.* at 12.

Torres saw Dr. Chudy on July 30, 2013 concerning his prostate cancer. Dr. Chudy "stated to plaintiff that the cancer was not an important issue, nor was it an emergency. Regardless of the pain that the plaintiff suffers." Docket # 1 at 3, 9. Torres "is being force[d] to suffer without treatment for his cancer," and that the "cancer is now spreading throughout his body" due to the lack of treatment. *Id.* at 3; *see also id.* at 9-10.

Although the complaint, as amended, implies that Torres is receiving no care for his prostate cancer, the exhibits indicate that there had been at least some treatment as well as a consultation with an outside doctor about treatment options. *See, e.g.,* Docket # 15 at 20 (portion of Dr. Gallando's consultation report), and 20 (6/19/14 progress notes stating that a "prostate seed [was] implant[ed] 1/14" and the inmate was prescribed several medications).

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104

3

(1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Liberally construed, the *pro se* complaint, as amended, states a cognizable § 1983 claim against Dr. Chudy, Dr. Nordensjo, Dr. Kuersten, and Dr. Trent for an Eighth Amendment violation based on their alleged refusal and failure to adequately treat Torres' prostate problems and related pain.

The complaint, as amended, alleges that Torres was unable to complete the administrative appeal process because prison officials failed to properly process his inmate grievances. The alleged mishandling of his inmate appeal does not give rise to a separate due process claim under § 1983 because there is no constitutional right to a prison or jail administrative appeal or grievance system in California, and therefore no due process liability for failing to process or decide an inmate appeal properly. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). The refusal to process Torres' appeals might nonetheless have a bearing on his Eighth Amendment claims. If a defendant only denied an inmate appeal about a medical problem that already had occurred and was complete (e.g., a failure to treat a broken leg that had long since healed), there would be no liability for a constitutional violation; however, where the problem is an ongoing medical need and the request is made in an inmate appeal to remedy the ongoing problem, Eighth Amendment liability could be based on the denial of an inmate appeal, just as it could be based on the denial of a verbal request from the inmate. *Cf. Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006) (supervisor may be liable for deliberate indifference to a serious medical need, for instance, if he or she fails to respond to a prisoner's request for help).

The complaint, as amended, mentions the Americans With Disabilities Act ("ADA") several times in passing. *See, e.g.,* Docket # 1 at 7, 8. Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 *et seq*. ("ADA"), provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to

4

discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under Title II of the ADA, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). The public entity, rather than any individual officer, would be the proper defendant for an ADA claim. Although the complaint mentions the ADA, no facts are alleged that are suggestive of an ADA violation. The alleged failure to provide adequate medical care for prostate cancer may be an Eighth Amendment violation, but does not appear to be an ADA violation.

The complaint, as amended, mentions retaliation, *see* Docket # 1 at 15, but the few facts alleged do not amount to retaliation. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

The acting warden is listed as a defendant in this action, apparently because he is in charge of the prison. *See* Docket # 1 at 6. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011). The allegations of the complaint, as amended, do not state a claim against the acting warden.

In light of Torres' allegations that his cancer is worsening because it is not being properly

5

treated, it is preferable to serve the complaint, as amended, rather than to delay service and require further amendment to let Torres attempt to cure the several pleading problems, such as the lack of any claim against the warden and the failure to plead an ADA claim. If Torres wants to attempt to plead a claim against the warden or an ADA claim, he must file an amendment no later than **November 30, 2014**.

## CONCLUSION

1.    Plaintiff's second motion to amend is GRANTED. (Docket # 15.) The court will consider the amendment at Docket # 15 to be an amendment to the complaint at Docket # 1. The complaint, as amended, liberally construed, states a cognizable claim under § 1983 against Dr. M. J. Chudy, Dr. A. Nordensjo, Dr. Kuersten, and Dr. Trent for violating plaintiff's Eighth Amendment rights. All other claims and defendants are dismissed.

2.    The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and amendment (i.e., Docket # 1 and Docket # 15) and a copy of all the documents in the case file upon the following defendants, all of whom apparently work on the medical staff at the Correctional Training Facility in Soledad: Dr. M. J. Chudy, Dr. A. Nordensjo, Dr. Kuersten, and Dr. Trent.

3.    In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a.    No later than **December 19, 2014**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due. If defendants file a motion for summary judgment, defendants must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

    b.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **January 16, 2015**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later

in this order as he prepares his opposition to any motion for summary judgment.

        c.     If defendants wish to file a reply brief, the reply brief must be filed and served no later than **January 30, 2015**.

    4.     Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the plaintiff's case will be dismissed and there will be no trial.

    5.     All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

    6.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

    7.     Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the

7

court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: October 30, 2014

SUSAN ILLSTON
United States District Judge