1

2

3

4

5      UNITED STATES DISTRICT COURT

6      NORTHERN DISTRICT OF CALIFORNIA

7

8   FILBERTO TORRES,                          No. C 14-525 SI (pr)

9          Plaintiff,                         **ORDER REGARDING SERVICE OF
                                              PROCESS PROBLEMS, DENYING**
10         v.                                 **APPOINTMENT OF COUNSEL, AND
                                              SETTING BRIEFING SCHEDULE**
11  M. E. SPEARMAN; et al.,

12         Defendants.
                                        /
13

14      In an order filed October 30, 2014, the court found that the complaint, as amended, stated

15  a cognizable claim under § 1983 against four doctors for deliberate indifference to plaintiff's

16  medical needs.  The court ordered service of process on those four defendants, and instructed

17  plaintiff that if he wanted to plead a claim against the warden or under the ADA, he had to file

18  an amendment no later than November 30, 2014. *See* Docket # 17 at 6.  Plaintiff did not file an

19  amendment.

20      Service of process efforts by the U.S. Marshal have been unsuccessful as to two

21  defendants, Dr. Trent and Dr. Nondensjo.  The Marshal has informed the court that prison

22  officials have stated that "Dr. Trent resigned and did not provide a forwarding address" and that

23  the Correctional Training Facility "litigation coordinator is unable to locate" Dr. Nondensjo.

24  Docket # 21 and # 21-1.

25      Plaintiff must find and provide to the court addresses at which these two defendants may

26  be served with process.  Plaintiff might, for example, write to the personnel office at his prison

27  and at the California Department of Corrections & Rehabilitation in Sacramento to ask for an

28  address at which each of these persons may be served.  The burden remains on the plaintiff; the

court will not undertake to investigate the full names and addresses of the unserved defendants.

United States District Court
For the Northern District of California

Plaintiff must provide an address at which Dr. Trent may be served and an address at which Dr. Nondensjo may be served no later than **May 15, 2015**, or the unserved defendant(s) will be dismissed without prejudice.

Plaintiff has moved for appointment of counsel to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. Plaintiff's motion for appointment of counsel is DENIED. (Docket # 22.)

Service of process was accomplished on defendants Dr. Chudy and Dr. Kuersten, who have filed a request for an extension of time to file a dispositive motion. Upon due consideration of the request and the accompanying declaration of attorney Grayson Marshall, III, the court GRANTS the request. (Docket # 27.) The court now sets the following new briefing schedule: Defendants must file and serve their dispositive motion no later than **July 3, 2015**. Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **July 31, 2015**. Defendants must file and serve their reply brief (if any) no later than **August 14, 2015**.

IT IS SO ORDERED.

Dated: April 20, 2015

_____
SUSAN ILLSTON
United States District Judge