UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FILBERTO TORRES,<br><br>    Plaintiff,<br><br>    v.<br><br>M. J. CHUDY, et al.,<br><br>    Defendants. | Case No. 14-cv-00525-SI<br><br>**ORDER RE. FILING FEE**<br><br>Re: Dkt. No. 36 |

On July 29, 2015, the court granted plaintiff's request for voluntary dismissal and dismissed this action. *See* Dkt. No. 34. Plaintiff has filed a motion for the court to order his prison to (a) discontinue deducting funds from his inmate trust account to satisfy his filing fee obligation, and (b) return to him those funds deducted since the July 29, 2015 dismissal of this action. Dkt. No. 36. Plaintiff is not entitled to the requested relief.

A filing fee is owed by a plaintiff when he commences an action by filing a complaint. *See* 28 U.S.C. § 1914 ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350.") A prisoner-plaintiff may apply to proceed *in forma pauperis* if he is unable to pay the filing fee. If a prisoner-plaintiff is allowed to proceed *in forma pauperis*, "the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The only difference between non-pauper status and *in forma pauperis* status for a prisoner is that the latter does not require the payment of the full amount of the filing fee at the time the complaint is filed, and instead the fee is paid in installments by withdrawals from his inmate trust account pursuant to the schedule in § 1915(b)(1) and (2). The filing fee obligation that is incurred upon the filing of a complaint does not disappear due to later events. Thus, it does not matter that a plaintiff loses his case or chooses to dismiss it -- he remains

1 obligated for the filing fee. The court cannot ignore the clear command of § 1915(b) and relieve
2 plaintiff of his filing fee obligation. *Cf. United States v. MacCollom*, 426 U.S. 317, 321 (1976)
3 ("The established rule is that the expenditure of public funds is proper only when authorized by
4 Congress, not that public funds may be expended unless prohibited by Congress").

5 Plaintiff remains obligated for the filing fee until the full amount of the filing fee is paid to
6 the court. Prison officials may continue to deduct funds from his inmate trust account to satisfy
7 his fee obligation in this case. Plaintiff's motion for an order to discontinue the deductions and
8 refund some deductions already made is DENIED. Dkt. No. 36.

9 **IT IS SO ORDERED**.

10 Dated: October 15, 2015

11 _____
12 SUSAN ILLSTON
United States District Judge