UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FILBERTO TORRES,<br>　　　　Plaintiff,<br>　　v.<br>M. J. CHUDY, et al.,<br>　　　　Defendants. | Case No. 14-cv-00525-SI<br><br>**ORDER DENYING REQUEST FOR COUNSEL**<br>Re: Dkt. No. 38 |

This action was dismissed on July 20, 2015, pursuant to plaintiff's request for a voluntary dismissal that he filed after defendants filed a motion for summary judgment. *See* Docket No. 34. Plaintiff later unsuccessfully asked for a refund of the filing fee. *See* Docket No. 37. Plaintiff now returns with a letter requesting that the court assist him "with finding an attorney who can help [him] get [his] case re-opened and get [him] back in court." Docket No. 38. The court construes the letter to be a request for appointment of counsel.

A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Here, there are not exceptional circumstances requiring the appointment of counsel. The plaintiff wants to reopen the action but does not provide any persuasive reason supporting the reopening of the action three years after it was dismissed. The court will not appoint counsel in this closed case because there does not appear to be any likelihood of success on the merits. The request for appointment of counsel is DENIED. Docket No. 38.

If plaintiff wants to complain about his medical care, he may file a new civil rights action. He is cautioned that he will owe a new filing fee for any new civil rights action he files. He also is cautioned that there are time limits for filing a civil rights action. In general terms, a California prisoner serving a term with the possibility of parole has four years to file an action after the accrual of a cause of action. *See* Cal. Code Civ. Proc. § 335.1 (two-year limitations period); *id.* at § 352.1 (tolling for the disability of imprisonment). Finally, if plaintiff wants to complain about the medical care at the prison in Vacaville, where he currently is housed, he should file his new action in the U.S. District Court for the *Eastern* District of California.

**IT IS SO ORDERED**.

Dated: January 10, 2019

_____
SUSAN ILLSTON
United States District Judge